UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

```
TAMERA S. BATES,               )
                               ) No. CV-09-156-JPH
          Plaintiff,           )
                               ) ORDER GRANTING DEFENDANT'S
v.                             ) MOTION FOR SUMMARY JUDGMENT
                               )
MICHAEL J. ASTRUE, Commissioner)
of Social Security,            )
                               )
          Defendant.           )
                               )
                               )
```

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on October 22, 2010 (Ct. Rec. 22, 32). Attorney Maureen J. Rosette represents plaintiff; Special Assistant United States Attorney Daphne Banay represents the Commissioner of Social Security (Commissioner). The parties have consented to proceed before a magistrate judge (Ct. Rec. 7). On June 24, 2010, plaintiff filed a reply (Ct. Rec. 36). After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** defendant's motion for summary judgment (Ct. Rec. 32) and **DENIES** plaintiff's motion for summary judgment (Ct. Rec. 22).

**JURISDICTION**

Plaintiff protectively applied for supplemental security income (SSI) on January 15, 2005, alleging onset as of December 9,

2004 (Tr. 77-79, 132). The application was denied initially and on reconsideration (Tr. 45-48, 51-52). Administrative Law Judge (ALJ) Paul L. Gaughen held a hearing on May 23, 2007 (Tr. 594-635). Plaintiff, represented by counsel, psychologist Ronald Klein, Ph. D., and vocational expert K. Diana Kramer testified. On August 21, 2007, the ALJ issued a decision finding plaintiff disabled when drug or alcohol abuse (DAA) is included. He found when DAA is excluded, plaintiff suffers only mild limitations. The ALJ found DAA is a factor materially contributing to plaintiff's disability determination. Accordingly, plaintiff is not disabled (Tr. 18-39). The Appeals Council admitted additional evidence but denied plaintiff's request for review (Tr. 6-9). Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on May 20, 2009 (Ct. Rec. 2, 4).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, the briefs of the parties, and will only be summarized here as necessary.

Plaintiff was 44 years old at the hearing. She completed tenth grade, earned a GED, and competed two years of college in a paralegal study program at a technical school (Tr. 240, 611, 622). Plaintiff has worked as a bookkeeper, cook, payroll clerk, material handler, and telemarketer (Tr. 611, 622-624). She alleges disability as of December 9, 2004, due to cervical radiculopathy, spinal arthritis, knee pain, and mental impairments. She alleges her impairments are severe when DAA is excluded.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 2 -

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which

compares plaintiff's impairment with a number of listed
impairments acknowledged by the Commissioner to be so severe as to
preclude substantial gainful activity. 20 C.F.R. §§
404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P
App. 1. If the impairment meets or equals one of the listed
impairments, plaintiff is conclusively presumed to be disabled.
If the impairment is not one conclusively presumed to be
disabling, the evaluation proceeds to the fourth step, which
determines whether the impairment prevents plaintiff from
performing work which was performed in the past. If a plaintiff is
able to perform previous work, that Plaintiff is deemed not
disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At
this step, plaintiff's residual functional capacity ("RFC")
assessment is considered. If plaintiff cannot perform this work,
the fifth and final step in the process determines whether
plaintiff is able to perform other work in the national economy in
view of plaintiff's residual functional capacity, age, education
and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v),
416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish
a *prima facie* case of entitlement to disability benefits.
*Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v.
Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is
met once plaintiff establishes that a physical or mental
impairment prevents the performance of previous work. The burden
then shifts, at step five, to the Commissioner to show that (1)
plaintiff can perform other substantial gainful activity and (2) a
"significant number of jobs exist in the national economy" which

1   plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th

2   Cir. 1984).

3       Plaintiff has the burden of showing that drug and alcohol

4   addiction (DAA) is not a contributing factor material to

5   disability. *Ball v. Massanari*, 254 F. 3d 817, 823 (9th Cir. 2001).

6   The Social Security Act bars payment of benefits when drug

7   addiction and/or alcoholism is a contributing factor material to a

8   disability claim. 42 U.S.C. §§ 423 (d)(2)(C)and 1382(a)(3)(J);

9   *Sousa v. Callahan*, 143 F. 3d 1240, 1245 (9th Cir. 1998). If there

10  is evidence of DAA and the individual succeeds in proving

11  disability, the Commissioner must determine whether the DAA is

12  material to the determination of disability. 20 C.F.R. §§ 404.1535

13  and 416.935. If an ALJ finds that the claimant is not disabled,

14  then the claimant is not entitled to benefits and there is no need

15  to proceed with the analysis to determine whether substance abuse

16  is a contributing factor material to disability. However, if the

17  ALJ finds that the claimant is disabled, then the ALJ must proceed

18  to determine if the claimant would be disabled if he or she

19  stopped using alcohol or drugs.

20                    **STANDARD OF REVIEW**

21      Congress has provided a limited scope of judicial review of a

22  Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold

23  the Commissioner's decision, made through an ALJ, when the

24  determination is not based on legal error and is supported by

25  substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th

26  Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

27  "The [Commissioner's] determination that a plaintiff is not

28  disabled will be upheld if the findings of fact are supported by

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 5 -

substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602(9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 6 -

nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

At step one the ALJ found although plaintiff worked in 2005 and 2006, she has not engaged in substantial gainful activity since she protectively applied for benefits on January 15, 2005 (Tr. 23). At step two the ALJ found plaintiff suffers from the severe impairments of depression and DAA (Tr. 23). At step three ALJ Gaughen found plaintiff's impairments meet two of the Listed impairments, mood disorder (12.04) and substance abuse disorder (12.09)(Tr. 33). Because plaintiff's disorders meet the Listings, she is presumed unable to work. The ALJ found plaintiff disabled.

The ALJ then considered, pursuant to *Bustamante v. Massanari*,[1] if plaintiff would be disabled if she stopped abusing substances. At the second step two he found if DAA is excluded, plaintiff's impairments would minimally affect her ability to perform basic work activities (Tr. 34). Because the ALJ found plaintiff disabled when DAA is included, and able to work when substance free, DAA materially contributes to the disability determination. Accordingly, the ALJ found plaintiff is not disabled as defined by the Social Security Act (Tr. 39).

**ISSUES**

Plaintiff alleges the Commissioner erred as a matter of law by failing to properly weigh the evidence of mental and physical impairment, including new evidence admitted by the Appeals Council but not seen by the ALJ (Ct. Rec. 23 at 16-25). The Commissioner

---

[1]262 F.3d 949, 954 (9th Cir. 2001).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 7 -

responds the ALJ appropriately weighed the evidence of psychological and physical impairment, and properly found DAA material (Ct. Rec. 33 at 7-20). With respect to the new evidence, the Commissioner asserts the court lacks jurisdiction to consider the Appeals Council's decision to deny review and asks the Court to affirm (Ct. Rec. 33 at 20-26).

**DISCUSSION**

**A. Weighing medical evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Correspondingly, more weight is

given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1035, 1042-43 (9th Cir. 1995).

**B. Psychological limitation**

Plaintiff contends that the ALJ failed to properly weigh the evidence of psychological limitation, including the opinions of (1) treating professional John Billings, MS, ARNP (2005, 2007 at Tr. 282, 490); (2) examining professionals Sheri Hoveskeland, MS, CDP (2/22/05 at Tr. 220-222); Frank Rosenkrans, Ph.D. (3/7/05 at Tr. 232-239) and (8/22/05 at Tr. 546-553); John Severinghaus, Ph.D. (3/28/05 at Tr. 240-242); (3) consulting psychologist John McRae, Ph.D. (5/1/05 at Tr. 243-259).

Plaintiff alleges evidence unavailable to the ALJ but considered by the Appeals Council supports her claim. She relies

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                   - 9 -

on the opinions of examining psychologists Mahlon Dalley, Ph.D. (9/17/07 at Tr. 556-570) and Kayleen Islam-Zwart, Ph.D. (4/19/08 at Tr. 579-586)(Ct. Rec. 23 at 19). Ms. Bates apparently alleges the Appeals Council erred by finding the evidence cumulative and denying review. The new evidence of psychological and physical limitation is discussed at (D), below.

The Commissioner responds the ALJ properly relied on the opinion of the testifying psychologist and other evidence when he found DAA material to the disability determination (Ct. Rec. 33 at 7-17).

*Treating professional*

Mr. Billings, MS, ARNP, began treating plaintiff in April 2005[2] (Tr. 282). In 2007 he opined Ms. Bates' post-traumatic stress disorder (PTSD) with depression and panic "incapacitated" her to the point she was unable to obtain gainful employment. He supported her application for benefits (Tr. 490). Although the letter is undated it appears it was written in 2007 (Tr. 633-634).

The ALJ gave several specific, legitimate reasons for rejecting the nurse practitioner's contradicted opinion. Perhaps most importantly, Mr. Billings fails to mention DAA (Tr. 38, 65). This is significant because plaintiff tested positive for cocaine, methadone, morphine, and oxycodone in October 2006, apparently unbeknownst to Mr. Billings (Tr. 31, referring to Exhibit 27F). The ALJ's additional reasons include the brief, cursory nature of the opinion, and it is unsupported by clinical or other substantive evidence (Tr. 38, referring to opinion at 490). The

_____

[2]Plaintiff described her treatment with Mr. Billings as 20 minute medication management appointments (Tr. 129).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                           - 10 -

ALJ is correct. Mr. Billings diagnosed PTSD, but examining psychologist Dr. Severinghaus notes plaintiff's reported a single symptom of PTSD, nightmares. Plaintiff's treating doctors have opined she is capable of work (Exhibit 24F). The ALJ's reasons are specific and legitimate. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)("[A]n ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole, or by objective medical findings ...")(internal citations omitted); *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991)(en banc).

When he weighed the conflicting opinions, the ALJ properly considered plaintiff's credibility (Tr. 36). Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed conditions. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2008).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, F.3d 821, 834 (9th Cir. 1995).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 11 -

"General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ found Ms. Bates less than fully credible for clear and convincing reasons, including but not limited to inconsistent statements, drug seeking behavior, and statements inconsistent with observed behavior (Tr. 36). Another reason not explicitly cited by the ALJ also supports his assessment: plaintiff's activities are inconsistent with claimed limitations.

The ALJ notes plaintiff testified she can lift 5-10 pounds, walk less than a block, and stopped using drugs in 2000. Ms. Bates told examiners, however, she has no difficulty performing daily chores, has excellent health, and quit using drugs in 2001 (Tr. 36, 240-241, 614, 618). ER personnel and plaintiff's treatment providers document drug seeking behavior on many occasions, as the ALJ observes (Tr. 32, 36, *see e.g.*, Tr. 201-204, 227, 305-306, 323, 329, 347, 365, 402, 409, 470). ALJ Gaughen notes at the ER plaintiff complained of chest pain. She described the severity as 8 or 9 out of 10. On the same occasion, the ALJ notes she was seen giggling and visiting with friends in no apparent distress (Tr. 24, Exhibit 1F, Tr. 162).

While alleging severe limitations during the relevant period, plaintiff fell off a "four wheeler," cared for an infant, "rough housed" with her grandchildren, hurt her neck after "heavy lifting" at home, hurt her back on another occasion in November 2005 after moving two households of furniture, and had a job interview in July 2007 (Tr. 27-28, 32, 292, 362, Exhibits 16F,

20F/13, 28F/1).

Inconsistent statements and drug seeking behavior are specific, clear and convincing reasons to discredit subjective complaints. *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002); *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001)(holding the likelihood claimant was exaggerating complaints of physical pain to "feed his Valium addiction" supported the ALJ's decision to reject his testimony). If a claimant is able to spend a substantial part of the day engaged in pursuits involving the performance of physical functions that are transferrable to a work setting, a specific finding as to this fact may be sufficient to discredit a claimant's allegations. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

The ALJ's credibility assessment is supported by clear and convincing reasons and they are supported by substantial evidence.

*Examining mental health professionals*

Plaintiff's probation officer referred Ms. Bates for a mental health assessment in February 2005, a month after onset (Tr. 220-222). The ALJ considered the opinion of Ms. Hoveskeland, who performed the assessment (Tr. 38, referring to Exhibit 5F):

> Ms. Hoveskeland reported at Exhibit 5F that the claimant was unable to work due to experiencing several medical and mental health issues. However, Ms. Hoveskeland also reported she [plaintiff] could not be considered in full sustained remission from polysubstance dependence and treatment to address her ongoing chemical dependency issues was recommended.

(Tr. 38).

Ongoing DAA issues included plaintiff's xanax overdose and ongoing use of narcotic pain medication (Tr. 26, 220, 222).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 13 -

The ALJ properly discounted Ms. Hoveskeland's opinion because it does not address plaintiff's functioning without DAA, the ALJ's relevant inquiry after he found her disabled when DAA is included. This reason is specific, legitimate and supported by substantial evidence.

Dr. Rosenkrans evaluated plaintiff twice in 2005, in March[3] and August (Tr. 232-239, 546-553). As noted by the ALJ and Dr. Klein, plaintiff's March 2005 MMPI-2 scores were invalid due to rather extreme over-reported symptoms (Tr. 26, 33, 238). Dr. Rosenkrans diagnosed polysubstance dependence; major depressive disorder, recurrent, moderate; and borderline personality disorder (Tr. 233). He opined "drug use/withdrawal can exacerbate depression and mood swings"; assessed marked and moderate limitations expected to last at most six months, and opined with mental health and drug treatment plaintiff would likely be able to work. He observes plaintiff received no past or current mental health services and did not take medication (Tr. 234-236).

The ALJ's reason for rejecting the assessed limitations is specific and legitimate - the opinion fails to address plaintiff's limitations when DAA is excluded, the relevant inquiry after finding plaintiff disabled. The ALJ accepts Dr. Rosenkrans' opinion DAA could exacerbate depression and mood swings (Tr. 38). Plaintiff's invalid MMPI-2 score indicative of symptom exaggeration is another specific, legitimate reason the ALJ rejected this opinion.

---

[3]Shannon Schoonover, MS, evaluated plaintiff on March 7, 2005, for public assistance benefits, and Dr. Rosenkrans endorsed her findings (Tr. 26, 239).

In August 2005 Dr. Rosenkrans[4] (Tr. 545-553) notes plaintiff inconsistently reports her past substance use (Tr. 547). He assessed a GAF of 68, indicating mild limitations (Tr. 552). This is consistent with the ALJ finding plaintiff's mental limitations are mild when she is substance-free.

Dr. Severinghaus evaluated Ms. Bates on March 28, 2005, noting he received the wrong medical records (Tr. 240-242). The ALJ rejected his opinion as based primarily on plaintiff's unreliable self report, given the noted absence of accurate records (Tr. 26, 38). ALJ Gaughen found Dr. Klein's opinion was entitled to more weight than Dr. Severinghaus's because Dr. Klein had the ability to review all of plaintiff's records. The records include the report of treating doctor Mariah Schimpf, M.D., who notes in March 2005 plaintiff admitted her suicide attempts occurred when she was using drugs (Tr. 313). The ALJ's reasons for giving less credit to the examiner's opinion are specific, legitimate reasons supported by substantial evidence. Plaintiff is incorrect the ALJ relied solely on Dr. Klein's testimony.

*Consulting psychologist*

Plaintiff alleges the ALJ failed to properly weigh the opinion of agency psychologist Dr. McRae in May 2005, four months after onset on the filing date of January 15, 2005 (Tr. 243-259)(Ct. Rec. 23 at 19). The ALJ observes while Dr. McRae's and other agency opinions tend to support his findings, additional evidence was received after their opinions, including Dr. Klein's testimony. The ALJ correctly observes the additional evidence

---

[4]Dr. Rosenkrans adopted the findings of Kathy Jamieson-Turner, MS (Tr. 553).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 15 -

necessitates a new determination (Tr. 39). The ALJ properly weighed the agency reviewing psychologists' opinions.

The post-decision evidence of psychological impairment is addressed at (D) below.

**C. Physical limitations**

Plaintiff alleges the ALJ should have found she suffers from severe physical limitations when DAA is excluded (Ct. Rec. 23 at 14). She relies on the June 2006 opinion of treatment provider Barbara Tritt, PAC (Tr. 421). [She also relies on the post-decision opinions of William Shanks, M.D. (September 4, 2007 at Tr. 535) and Paul Osmun, M.D. (September 14, 2007 at Tr. 573), discussed at (D), below.]

In February 2006 Ms. Bates denies street drug use (Tr. 442). A month later plaintiff tells Ms. Tritt she "has no street drug history" (Tr. 441). This is three months before Ms. Tritt's opinion on which plaintiff relies.

The ALJ gave several reasons for rejecting Ms. Tritt's opinion limiting plaintiff to sedentary work (Tr. 38): (1) her findings are not based on standardized testing; (2) her opinion appears based on plaintiff's unreliable self-report; (3) Ms. Tritt is not a "treating source" as defined by applicable regulations because as a PAC she is not an acceptable medical source; (4) no underlying impairment supports physical restrictions, and (5) Ms. Tritt's findings are inconsistent with other examinations, and with more detailed reports (Tr. 38, citing Exhibits 3F, 6F, 20-22F, 26F, and examinations within 27F).

The ALJ is correct physicians' assistants are not acceptable sources. Acceptable medical sources, as defined by the applicable

regulations, do not include physician's assistants. See C.F.R. 404.1527(a)(2); SSR 06-03p.

The ALJ's additional reasons for rejecting Ms. Tritt's contradicted opinion are specific, legitimate and supported by the evidence. The ALJ was not required to credit Ms. Tritt's contradicted opinion to the extent it is based on plaintiff's unreliable self-report. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)(an ALJ is not required to credit opinions based on plaintiff's unreliable self reporting).

Moreover, on May 16, 2006, just before Ms. Tritt gave her opinion, plaintiff tested positive for non-prescribed methadone (Tr. 475), suggesting Ms. Tritt's opinion includes rather than excludes the effects of DAA. In December 2006, Ms. Tritt notes plaintiff has again violated her pain contract. On October 5, 2006, Ms. Bates tested positive for methadone, cocaine and oxycodone, none of which were prescribed (Tr. 475).

The ALJ is correct Ms. Tritt's findings are inconsistent with other examinations and more detailed reports. He relied on the more specific opinions of plaintiff's treating doctor, orthopedist Andrew Howlett, M.D., who in May 2006 opined plaintiff was capable of working in a desk-type job and had no permanent disability (Tr. 30, referring to Exhibit 24F). In October 2006 Dr. Howlett surgically repaired a partial anterior cruciate ligament tear and a medial meniscus tear in plaintiff's left knee (Tr. 341-342). Two weeks later Dr. Howlett told the ER plaintiff should not be given narcotic pain medication "under any circumstance," and plaintiff left the ER before the doctor returned with the x-ray report (Tr. 347). Two months after arthroscopic surgery plaintiff reported she

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 17 -

strained her neck after falling. She was able to walk and reported no other problems (Tr. 375). In January 2007, Dr. Howlett released plaintiff for desk or other light duty work (Tr. 401).

The ALJ properly found plaintiff's knee problems did not meet the 12 month durational requirement (Tr. 38). Plaintiff was scheduled for a hysterectomy when she applied for benefits. Records show two months after this surgery, she was doing very well (Tr. 229, 4/14/05). Any impairment did not last 12 months.

Objective tests showed other alleged physical impairments, including DDD, are mild. *See e.g.*: Dr. Howlett notes in March 2007 plaintiff walks without limping and quad strength is 5/5. Tests in August 2006 show mild DDD in the lower thoracic and lumbar spine. Also in August 2006, Ms. Tritt tells plaintiff to walk ten minutes each hour and work up walking to 40 minutes daily. In July 2006 tests show no more than mild foraminal and canal stenosis of the cervical spine. On January 30, 2006, tests show no evidence of radiculopathy (Tr. 15, 31, 359, 401-402, 414-418, 463, 476-477, Exhibit 24F/5). The ALJ observes plaintiff was diagnosed with hepatitis C in 1997 but liver function studies have been within normal limits (Tr. 38, 313).

The ALJ considered plaintiff's credibility when he weighed the evidence of physical impairment. He points out many of plaintiff's exertional activities are inconsistent with the severe physical limitations alleged. Plaintiff fails to meet her burden of establishing she suffers from any severe physical impairment.

**D. New evidence admitted by the Appeals Council**

Plaintiff alleges the September 2007 and April 2008 reports (by Drs. Dalley and Zwart, respectively) support her claimed

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                           - 18 -

mental limitations, and the September 2007 and April 2008 opinions of Drs. Osmun and Shanks, respectively, support her severe physical impairments.

All four of these opinions were rendered after the ALJ's decision on 8/21/07. The Appeals Council found the new evidence cumulative (Tr. 7). The Commissioner asserts the Court lacks jurisdiction to consider the evidence because this not a sentence six remand (Ct. Rec. 33 at 20; 42 U.S.C. § 405(g)). Citing *Ramirez v. Shalala*, 8 F.3d 1449, 1451-1452 (9th Cir. 1993), the Commissioner acknowledges the reviewing Court may consider new evidence submitted to the Appeals Council in determining whether the ALJ's decision is supported by substantial evidence (Ct. Rec. 33 at 22).

The new evidence clearly supports the ALJ's decision. Interestingly, plaintiff's physical therapist reports in June and July 2007: (1) Ms. Bates cleaned the floor on her hands and knees; (2) left therapy early to take her grandson to the doctor or pick him up; (3) had increased soreness after caring for her grandson for several days; (4) arrived 15 minutes late to an appointment and was unable to exercise because preoccupied with her grandson, who she brought to the appointment, and (5) had a job interview on July 24, 2007 (Tr. 508-509, 511, 515). The evidence is similar to that considered by the ALJ and is additional evidence supporting his determination.

After-the-fact psychiatric diagnoses are notoriously unreliable. *See Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984). The ALJ issued his unfavorable decision August 21, 2007

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 19 -

(Tr. 21-39). A month later Dr. Dalley[5] gave his opinion (Tr. 556-570). Although he saw track marks on plaintiff's arms, she denied using any illicit drugs since 1991 (Tr. 561). He assessed opioid dependence, among other disorders, recommended a chemical dependency evaluation, and assessed a GAF of 65 (Tr. 564-565). This is consistent with the ALJ's findings.

Eight months after ALJ Gaughen's decision, Dr. Zwart evaluated plaintiff. She assessed marked and moderate limitations but opined there is no indication of drug use (Tr. 579-586).

Similarly, Drs. Shanks and Osmun examined Ms. Bates and assessed her condition after the ALJ's unfavorable decision. Dr. Shanks examined plaintiff in April 2008, eight months after the ALJ's decision (Tr. 532-536). He assessed an RFC for sedentary work and did not recommend further treatment (Tr. 535). A month after the ALJ's decision, Dr. Osmun assessed an RFC for sedentary work and opined plaintiff's ability to sit, stand, walk, and lift significantly interfere with the ability to work (Tr. 573). He states plaintiff stopped using drugs in 1997 (Tr. 572)

Additionally, George W. Bagby, M.D., examined plaintiff May 7, 2008. He opined she was capable of light work and her "motivation at this time is in question" (Tr. 544).

New evidence is considered material if it creates a reasonable possibility of changing the outcome and if it bears directly and substantially on the matter. *Mayes v. Massansri*, 276 F.3d 453, 462 (9th Cir. 2001)(additional citations omitted). The Court may remand for further proceedings to consider the new

---

[5]The evaluation was performed by Brooke Sjostrom, MS, LMHC, and adopted by Dr. Dalley.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 20 -

evidence if the claimant shows good cause for failing to produce the evidence earlier. *Mayes*, 276 F.3d at 462-463. A claimant does not meet the good cause requirement by merely obtaining a more favorable report once his or her claim has been denied. To show good cause, the claimant must demonstrate that the new evidence was unavailable earlier. *Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985)

Plaintiff fails to show good cause why these opinions could not have been obtained and presented to the ALJ for his consideration. *See Clem v. Sullivan*, 894 F.2d 328, 332 (9th Cir. 1990)(the claimant must establish good cause for not having sought the expert's opinion earlier). In the event plaintiff feels new evidence supports a new application, she can again apply for benefits.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The Court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405 (g).

The ALJ's credibility assessment is supported by clear and convincing reasons. He properly weighed the evidence of psychological and physical limitations, and of the effects of DAA. His second step two finding that plaintiff's depression is non-severe (i.e., causes no more than a slight abnormality minimally

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 21 -

effecting her ability to work) when DAA is excluded is fully
supported by the medical and other evidence. *See* 20 C.F.R. §§
404.1521 and 416.921.

**CONCLUSION**

    Having reviewed the record and the ALJ's conclusions, this
court finds that the ALJ's decision is free of legal error and
supported by substantial evidence..

**IT IS ORDERED:**

    1. Defendant's motion for summary judgment **(Ct. Rec. 32)** is
**GRANTED.**

    2. Plaintiff's motion for summary judgment **(Ct. Rec. 22)** is
**DENIED.**

    The District Court Executive is directed to file this Order,
provide copies to counsel for the parties, enter judgment in favor
of Defendant, and **CLOSE** the file.

    DATED this 29th day of September, 2010.

                              s/ James P. Hutton

                         JAMES P. HUTTON
                    UNITED STATES MAGISTRATE JUDGE